IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: _____

Irina Chevaldina,
Plaintiff,

v.

Raanan Katz, individually,
Daniel Katz, individually,
Todd Levine, individually,
R. K. FL Management Inc.,
R. K . Associates VII Inc.,
17070 Collins Avenue Shopping Center, Ltd,,
R.K. Hallandale 1, LLC.,
R.K. Hallandale Limited Partnership,
18100 Collins Ave Shopping Center, Ltd.,
R.K. 17600-17632 Collins, LLC.,
R.K. Associates #2, Inc.,
R.K. Associates XVIII, LLC.,
R.K. Causeway Plaza, LLC.,
R.K. Biscayne Plaza, LLC.,
California Club Mall Shopping Center, Ltd.,
R.K. Sans Souci Plaza, LLC.,
R.K. Sage Plaza, LLC,
Judge Kathleen M. Williams

Defendants.



FILED BY _____ D.C.
APR 07 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S COMPLAINT

NOW COMES PLAINTIFF, Irina Chevaldina, sues DEFENDANTS Raanan Katz, individually, Daniel Katz, individually, Todd Levine, individually, R. K. FL Management Inc., R. K . Associates VII Inc., 17070 Collins Avenue Shopping Center, Ltd., R.K. Hallandale 1, LLC., R.K. Hallandale Limited Partnership, 18100 Collins Ave Shopping Center, Ltd., R.K. 17600-17632 Collins, LLC., R.K. Associates #2, Inc., R.K. Associates XVIII, LLC., R.K. Causeway Plaza, LLC., R.K. Biscayne Plaza, LLC., California Club Mall Shopping Center, Ltd., R.K. Sans Souci Plaza, LLC., R.K. Sage Plaza, LLC., Judge Kathleen M. Williams and states as follows:

## JURISDICTION AND VENUE.

1. Plaintiff brings this action for breach of the settlement agreement, fraud, violation of driver's privacy protection act against Defendants. Defendants' actions resulted in Plaintiff's damages in the amount of exceeding five million dollars ($5,000,000).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332. The parties are citizens of different States, Plaintiff is a subjects of a foreign state, and the amount of controversy exceeds the sum of $75,000. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and pursuant to *Bivens v Six Unknown Fed. Narcotic Agents*, 403 U.S.388 (1971).

3. Venue is appropriate in this judicial district under 28 U.S.C. 1391 (b) because the events that gave rise to this Complaint occurred in this district.

4. All conditions precedent for the filing this Complaint have occurred or been performed.

## PARTIES.

5. Plaintiff Irina Chevaldina is a citizen of Indiana. Her domicile is in Indiana.

6. Defendant Raanan Katz is a citizen of Florida. His domicile is in Florida, and he resides at 16400 Collins Avenue, unit PH46, Sunny Isles Beach, FL 33160. Raanan Katz is subject to jurisdiction and venue of this Court.

7. Defendant Daniel Katz is a citizen of Florida. His domicile is in Florida, and he resides at 248 Park Drive, Bal Harbour, FL 33154. Daniel Katz is subject to jurisdiction and venue of this Court.

8. Defendant Todd Levine is a citizen of Florida. His domicile is in Florida, and he resides at 680 Baldwin Palm Avenue, Plantation, FL 33324. Todd Levine is subject to jurisdiction and venue of this Court.

9. R. K. FL Management Inc is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. R. K. FL Management Inc is subject to jurisdiction and venue of this Court.

10. R. K . Associates VII Inc is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. R. K . Associates VII Inc is subject to jurisdiction and venue of this Court.

11. 17070 Collins Avenue Shopping Center, Ltd is a single partner Florida Limited Partnership organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. Single partner of this Limited Partnership is a

17070 COLLINS AVENUE SHOPPING CENTER, INC., which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

12. R.K. Hallandale 1, LLC is a single member Florida Limited Liability Company organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is RK HALLANDALE I, INC., which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

13. R.K. Hallandale Limited Partnership is a single partner Florida Limited Partnership organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single partner of this Florida Limited Partnership is RK HALLANDALE, INC., which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

14. 18100 Collins Ave Shopping Center, Ltd is a single partner Florida Limited Partnership organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single partner of this Florida Limited Partnership is R.K. ASSOCIATES #1, INC., which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

15. R.K. 17600-17632 Collins, LLC is a single member Florida Limited Liability Company organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is Raanan Katz, who is a citizen of Florida. His domicile is in Florida, and he resides at 16400 Collins Avenue, unit PH46, Sunny Isles Beach, FL 33160. Raanan Katz is subject to jurisdiction and venue of this Court.

16. R.K. Associates #2, Inc. is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. R.K. Associates #2, Inc is subject to jurisdiction and venue of this Court.

17. R.K. Associates XVIII, LLC is a single member Florida Limited Liability Company organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is Raanan Katz, who is a citizen of Florida. His domicile is in Florida, and he resides at 16400 Collins Avenue, unit PH46, Sunny Isles Beach, FL 33160. Raanan Katz is subject to jurisdiction and venue of this Court.

18. R.K. Causeway Plaza, LLC is a single member Florida Limited Liability Company organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is R.K. ASSOCIATES #5, INC., which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

19. R.K. Biscayne Plaza, LLC is a single member Oklahoma Limited Liability Company organized under the laws of the State of Oklahoma with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is COUNTY LINE LAND II, INC, which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

20. California Club Mall Shopping Center, Ltd is a single partner Florida Limited Partnership organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single partner of this Florida Limited Partnership is CALIFORNIA CLUB SHOPPING CENTER, INC., which is a Florida Corporation organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160, and is subject to jurisdiction and venue of this Court.

21. R.K. Sans Souci Plaza, LLC is a single member Florida Limited Liability Company organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is Raanan Katz, who is a citizen of Florida. His domicile is in Florida, and he resides at 16400 Collins Avenue, unit PH46, Sunny Isles Beach, FL 33160. Raanan Katz is subject to jurisdiction and venue of this Court.

22. R.K. Sage Plaza, LLC is a single member Florida Limited Liability Company organized under the laws of the State of Florida with its principal place on business 17100 Collins Ave #225, Sunny Isles Beach, FL 33160. The single member of this Limited Liability Company is Raanan Katz, who is a citizen of Florida. His domicile is in Florida, and he resides at 16400 Collins Avenue, unit PH46, Sunny Isles Beach, FL 33160. Raanan Katz is subject to jurisdiction and venue of this Court.
23. Judge Kathleen M. Williams is a citizen of Florida. Her domicile is in Florida.

## COUNT I. BREACH OF CONTRACT.

24. Plaintiff hereby repeats and re-alleges paragraphs 1 through 23, supra, as it fully set forth herein, and sues Raanan Katz, individually, Daniel Katz, individually, Todd Levine, individually, R. K. FL Management Inc., R. K . Associates VII Inc., 17070 Collins Avenue Shopping Center, Ltd., R.K. Hallandale 1, LLC., R.K. Hallandale Limited Partnership, 18100 Collins Ave Shopping Center, Ltd., R.K. 17600-17632 Collins, LLC., R.K. Associates #2, Inc., R.K. Associates XVIII, LLC., R.K. Causeway Plaza, LLC., R.K. Biscayne Plaza, LLC., California Club Mall Shopping Center, Ltd., R.K. Sans Souci Plaza, LLC., R.K. Sage Plaza, LLC ("the DEFENDANTS") for breach of contract.
25. On or around May 29, 2014, the PLAINTIFF entered into a settlement agreement with the DEFENDANTS.
26. On or around November 17, 2015, pursuant to the terms of the Settlement Agreement, the DEFENDANTS received and accepted money from the PLAINTIFF in the amount exceeding one hundred sixty five thousand dollars ($165,000) to fully satisfy monetary part of the settlement agreement.
27. In addition, pursuant to the terms the settlement agreement the PLAINTIFF gave up her attorney fees awarded by the third district court of appeal in the amount exceeding $100,000, and the PLAINTIFF gave up her constitutional rights to free speech on the blog rkassociatesusa.blogspot.com.
28. By entering into the Settlement Agreement the DEFENDANTS obtained an injunctive relief on Chevaldina's speech on the blog rkassociatesusa.blogspot.com.
29. The DEFENDANTS were not entitled to this injunctive relief on Chevaldina's speech by law.
30. In exchange to these financial benefits Defendants had to dismiss all claims against Ms.

Chevaldina with prejudice, provide the PLAINTIFF with the access to RK Centers shopping centers for the purpose of Plaintiff's association with her community of origin (the addresses of these shopping centers are included in the agreement).

31. The PLAINTIFF fully performed her financial obligations and removed the blogrkassociatesusa.blogspot.com.

32. The DEFENDANTS prohibited and denied Plaintiff's access to the RK Centers shopping centers as specified in the agreement. Up to date, the DEFENDANTS prohibited and denied Plaintiff's access to any Ukrainian businesses in any of the RK Centers shopping centers, continue violating the settlement agreement day after day.

33. The DEFENDANTS did not file and refuse to file a Notice of Voluntary Dismissal of their claims against the Plaintiff as required by the agreement.

34. Instead of dismissing their claims against the PLAINTIFF, the DEFENDANTS continued to litigate the same claims they agreed to settle.

35. The PLAINTIFF had to hire an attorney and pay him money to defend Ms. Chevaldina against the DEFENDANTS continued litigation. Ms. Chevaldina paid in excess of two hundred thousand dollars ($200,000) for her defense after the settlement.

36. Because of the above the DEFENDANTS materially breached the essential terms of the settlement agreement.

37. As the result of the DEFENDANTS material breach the PLAINTIFF has suffered damages. **WHEREFORE**, PLAINTIFF respectfully demands that a Judgment be entered against the DEFENDANTS and in her favor for compensatory damages in the amount no less than five million dollars, court costs, pre-judgment interest, and post-judgment interest, special damages, and such other, further, and different relief as this Court may deem just, equitable and proper under the circumstances. Ms. Chevaldina further requests that this Court reserve the right to award punitive damages in accordance with §768.72, Fla. Stat.

### COUNT II. FRAUD.

38. Plaintiff hereby repeats and re-alleges paragraphs 1 through 23, supra, as it fully set forth herein and sues Raanan Katz, individually, Daniel Katz, individually, Todd Levine, individually, R. K. FL Management Inc., R. K . Associates VII Inc., 17070 Collins Avenue Shopping Center, Ltd., R.K. Hallandale 1, LLC., R.K. Hallandale Limited Partnership, 18100 Collins Ave

Shopping Center, Ltd., R.K. 17600-17632 Collins, LLC., R.K. Associates #2, Inc., R.K. Associates XVIII, LLC., R.K. Causeway Plaza, LLC., R.K. Biscayne Plaza, LLC., California Club Mall Shopping Center, Ltd., R.K. Sans Souci Plaza, LLC., R.K. Sage Plaza, LLC. ("the DEFENDANTS") for fraud.

39. On or around May 29, 2014 the DEFENDANTS via their agent Alan Kluger made certain false, material representation to the PLAINTIFF in the settlement agreement, and their course of dealing with PLAINTIFF, to wit, a) that the DEFENDANTS accepted Plaintiff's offer of settlement without a single alteration, b) that the DEFENDANTS agreed to settle their existing claims against the PLAINTIFF, c) that the Defendants would allow PLAINTIFF to freely access any Ukrainian business in any of the RK Centers shopping centers, d) that the DEFENDANTS agree to the removal of the only one blog rkassociatesusa.blogspot.com, and that the PLAINTIFF may keep nine other blogs on the internet, e) that the DEFENDANTS did not want the PLAINTIFF to sign non-disparagement clause, f) that the DEFENDANTS want one hundred fifty two thousand and nine hundred dollars ($152,900) from the PLAINTIFF in exchange of dismissal of all claims against Chevaldina with prejudice, and providing her with free access to any Ukrainian business in any of the RK Centers shopping centers.

40. The foregoing representations were false and material, and known by the DEFENDANTS to be false and material, at the time they were made. Prior to entering into the settlement agreement, the Defendants were not satisfied with the settlement agreement terms and did not intend to perform under this agreement.

41. The DEFENDANTS intended the PLAINTIFF to rely on such false material representation.

42. The PLAINTIFF did actually, and justifiably, rely upon such false and materials misrepresentation by the DEFENDANTS.

43. The foregoing false and material representation induced the PLAINTIFF to enter into the settlement agreement, pay moneys to the DEFENDANTS, give up her attorney fees awarded by the third district court of appeal, and give up her constitutional rights to free speech to the PLAINTIFF'S detriment.

44. In fact, being dissatisfied with the Settlement Agreement the DEFENDANTS have been actively blackmailing the PLAINTIFF demanding her to sign new, additional settlement agreement terms against her will.

45. Specifically, from June 2014 till June 2017, the DEFENDANTS demanded the PLAINTIFF to

—7—

sign terms that Chevaldina would not to go to DEFENDANTS' plazas, including Ukrainian businesses. In addition, the DEFENDANTS demanded the PLAINTIFF to sign non-disparaging clause. Furthermore, the DEFENDANTS demanded Chevaldina to remove all other blogs and their content from the internet. In addition, the DEFENDANTS demanded additional money from the PLAINTIFF under threat that the Court would grant them astonishing amount of attorney fees on their request.

46. The above-stated conduct by the DEFENDANTS was fraudulent, willful, and malicious and outrageous in nature.
47. The above-stated conduct by the DEFENDANTS has damaged the PLAINTIFF.
48. As a direct and proximate cause of the foregoing the PLAINTIFF suffered damages.
49. **WHEREFORE**, PLAINTIFF respectfully demands that a Judgment be entered against the DEFENDANTS and in her favor for compensatory damages in the amount no less than five million dollars, court costs, pre-judgment interest, and post-judgment interest, special damages, and such other, further, and different relief as this Court may deem just, equitable and proper under the circumstances. Ms. Chevaldina further requests that this Court reserve the right to award punitive damages in accordance with §768.72, Fla. Stat.

### COUNT III. DEPRIVATION OF FREEDOM OF SPEECH, RIGHT TO ASSEMBLE, RIGHT TO WORK.

50. Plaintiff hereby repeats and re-alleges paragraphs 1 through 23, supra, as it fully set forth herein, and sues Raanan Katz, individually, Daniel Katz, individually, R. K. FL Management Inc., R. K . Associates VII Inc., 17070 Collins Avenue Shopping Center, Ltd., R.K. Hallandale 1, LLC., R.K. Hallandale Limited Partnership, 18100 Collins Ave Shopping Center, Ltd., R.K. 17600-17632 Collins, LLC., R.K. Associates #2, Inc., R.K. Associates XVIII, LLC., R.K. Causeway Plaza, LLC., R.K. Biscayne Plaza, LLC., California Club Mall Shopping Center, Ltd., R.K. Sans Souci Plaza, LLC., R.K. Sage Plaza, LLC. ("the DEFENDANTS") and Judge Kathleen M. Williams for deprivation of rights.
51. The DEFENDANTS own shopping and community shopping centers across the city of Sunny Isles Beach, Florida.
52. Judge Kathleen M. Williams is a federal officer, acted in the clear absence of all jurisdiction over the subject matter, and outside of her judicial capacity.

53. In February 2018, Judge Kathleen M. Williams acting without having such power enjoined Ms. Chevaldina of her constitutionally protected rights to Freedom of Speech, Right to Assemble, Right to Work and Live in the City of Sunny Isles Beach, Florida. Judge Kathleen M. Williams entered an injunction order against Ms. Chevaldina. At that time Judge Kathleen M. Williams knew that she had no authority under color of law to enter such injunctive relief against Ms. Chevaldina. The 11th Circuit Court of Appeals determined that Judge Kathleen M. Williams was indeed without jurisdiction to rule on the Florida State matter.

54. Judge Kathleen M. Williams without authority precluded Ms. Chevaldina from entering Russian-Ukrainian-Jewish community located in the State of Florida-city of Sunny Isles Beach. Judge Kathleen M. Williams without authority precluded Ms. Chevaldina from association with her native Russian-Ukrainian-Jewish community located in the State of Florida-city of Sunny Isles Beach. Judge Kathleen M. Williams without authority precluded Ms. Chevaldina from exercising her freedom of speech right to speak her native language within Russian-Ukrainian-Jewish community located in the State of Florida-city of Sunny Isles Beach. Judge Kathleen M. Williams without authority precluded Ms. Chevaldina from exercising her freedom of speech right to picketing within Russian-Ukrainian-Jewish community located in the State of Florida-city of Sunny Isles Beach. Judge Kathleen M. Williams without authority precluded Ms. Chevaldina from living in the Russian-Ukrainian-Jewish community located in the State of Florida-city of Sunny Isles Beach.

55. Judge Kathleen M. Williams made her conduct acting in the clear absence of all jurisdiction and well knowing that the Florida Law, Florida Court, the Third District Court of Appeals, prohibited such injunction. Judge Kathleen M. Williams actions resulted in Ms. Chevaldina's constitutional rights violation and irreparably harmed the Plaintiff. As the result of Judge Kathleen M. Williams conduct the PLAINTIFF has suffered damages.

56. In February 2018, Defendants, who own the majority of shopping and community centers in the City of Sunny Isles Beach, Florida, enjoined Ms. Chevaldina of her constitutionally protected rights to Freedom of Speech, Right to Assemble, Right to Work and Live in the city of Sunny Isles Beach, Florida. Defendants entered trespass order against Ms. Chevaldina. At that time Defendants knew that the Florida Court prohibited the Defendants from such act.

57. The Defendants precluded Ms. Chevaldina from entering Russian-Ukrainian-Jewish community located in the shopping plazas in the State of Florida-city of Sunny Isles Beach. The

Defendants precluded Ms. Chevaldina from association with her native Russian-Ukrainian-Jewish community located in the shopping plazas in the State of Florida-city of Sunny Isles Beach. Defendants precluded Ms. Chevaldina from exercising her freedom of speech right to speak her native language within the shopping plazas located in the Russian-Ukrainian-Jewish community in the State of Florida-city of Sunny Isles Beach. Defendants precluded Ms. Chevaldina from exercising her freedom of speech right to picketing within the shopping plazas located in the Russian-Ukrainian-Jewish community in the State of Florida-city of Sunny Isles Beach. Defendants precluded Ms. Chevaldina from living in the Russian-Ukrainian-Jewish community located in the State of Florida-city of Sunny Isles Beach.

58. Defendants made their conduct well knowing that the Florida Law, Florida Court, the Third District Court of Appeals, prohibited such actions. Defendants conduct resulted in Ms. Chevaldina's constitutional rights violation and irreparably harmed the Plaintiff. As the result of Defendants actions the PLAINTIFF has suffered damages.

59. **WHEREFORE**, PLAINTIFF respectfully demands that a Judgment be entered against the DEFENDANTS and Judge Kathleen M. Williams and in her favor for compensatory damages in the amount no less than five million dollars, court costs, pre-judgment interest, and post-judgment interest, special damages, and such other, further, and different relief as this Court may deem just, equitable and proper under the circumstances. Ms. Chevaldina further requests that this Court reserve the right to award punitive damages.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on April 6, 2021, to the US District Court, Clerk's Office, 400 N. Miami Ave, Miami FL 33128.

Respectfully submitted,
/S/  IRINA CHEVALDINA
*pro se* Irina Chevaldina
484 E.Carmel Dr.,#231
Carmel, IN 46062
Tel: 305-401-9822
irina.chevaldina@hotmail.com

**PRIORITY MAIL EXPRESS®**

FROM: IRYNA CHEVACHINA
484 E. CARMEL DR #231
CARMEL IN 46032

TO: U.S DISTRICT COURT
CLERK'S OFFICE
400 N. MIAMI AVE
MIAMI FL 33128

U.S. POSTAGE $26.35
PME 1-DAY
98109 0007
Date of sale 04/08/21
SSK 25
06 11486433

PRIORITY MAIL EXPRESS 1-DAY®
1.50 oz
0007
C075

WAIVER OF SIGNATURE REQUESTED
SCHEDULED DELIVERY DAY: 04/07/21 12:00 PM

SHIP TO:
400 N MIAMI AVE
Miami FL 33128-1801

USPS TRACKING® ®
9570 1066 6316 1096 4160 27

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

EP13F May 2020
OD: 12 1/2 x 9 1/2

PS10001000006

GUARANTEED* · TRACKED · INSURED

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.