# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CIV-21363-RAR

**IRINA CHEVALDINA**,

     Plaintiff,

v.

**RAANAN KATZ**, *et al.*,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon Plaintiff's *pro se* "Motion to Vacate Order D.E. 9" [ECF No. 11] ("Motion").  Having reviewed the Motion, pertinent portions of the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as set forth herein.

## BACKGROUND

A.  The Parties

This action is the latest round in a series of disputes between Plaintiff Irina Chevaldina on one side, and Defendants Raanan Katz and related persons and entities on the other.[1]

---

[1]  The litigation history between these Parties is recounted in more detail in *Chevaldina v. R K./FL Mgmt., Inc.*, 133 So. 3d 1086 (Fla. 3d DCA 2014); *Katz v. Chevaldina*, No. 12-2221, 2014 WL 2815496, at *1 (S.D. Fla. June 17, 2014), *report and recommendation adopted*, No. 12-2221, 2014 WL 4385690 (S.D. Fla. Sept. 5, 2014), *aff'd sub nom. Katz v. Google Inc.*, 802 F.3d 1178 (11th Cir. 2015); and Order Granting Motion to Dismiss [ECF No. 75], *Irina Chevaldina v. Rannan Katz, et al.*, No. 17-22225, *aff'd* 787 F. App'x 651 (11th Cir. 2019); *see also Ctr. for Individual Rights v. Irina Chevaldina*, No. 16-20905 (S.D. Fla. filed on Mar. 11, 2016); *Irina Chevaldina v. Ctr. for Individual Rights, et al.*, No. 20-24690 (S.D. Fla. filed on Nov. 13, 2020).

A court may take judicial notice of public records.  *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider" on a motion to dismiss) (citation omitted).

Chevaldina, who claims to be domiciled in Indiana, brings this two-count action for breach of contract and fraud.[2] *See* Compl. [ECF No. 1] ¶¶ 1, 2, 5, 24-49.  The Complaint names seventeen Defendants: (1) Raanan Katz, a Florida resident; (2) Daniel Katz, a Florida resident; (3) Todd Levine, a Florida resident; (4) R.K. FL Management Inc., a Florida corporation; (5) R.K. Associates VII Inc., a Florida corporation; (6) 17070 Collins Avenue Shopping Center, Ltd., a Florida LP; (7) 17070 Collins Avenue Shopping Center, Ltd., a Florida LLC; (8) R.K. Hallandale Limited Partnership, a Florida LP; (9) 18100 Collins Ave Shopping Center, Ltd., a Florida LP; (10) R.K. 17600-17632 Collins, LLC, a Florida LP; (11) R.K. Associates #2, Inc., a Florida corporation; (12) R.K. Associates XVIII, LLC, a Florida LLC; (13) R.K. Causeway Plaza, LLC, a Florida LLC; (14) R.K. Biscayne Plaza, LLC, a single member Oklahoma LLC, with its principal place of business in Sunny Isles, Florida, and whose single member is County Line Land II, Inc., a Florida corporation; (15) California Club Mall Shopping Center, LTD, a Florida LP; (16) R.K. Sans Souci Plaza, LLC, a Florida LLC; and (17) R.K. Sage Plaza, LLC, a Florida LLC.[3]  Compl. ¶¶ 6-22.  The Defendants own or operate shopping and community centers in Sunny Isles, Florida. *Id.* ¶ 51.

### B.  Breach of Settlement Agreement and Fraud Allegations

On or about May 29, 2014, Chevaldina entered into a settlement agreement with the Defendants.  *Id.* ¶ 25.  The Complaint does not specify to which case this settlement agreement applied.  Under the terms of the settlement agreement, Chevaldina gave the Defendants $165,000, "gave up her attorney fees awarded by the Third District Court of Appeal in the amount exceeding

---

[2]  Plaintiff sought to bring a third claim for violation of the First Amendment, which the Court dismissed on April 22, 2021.  [ECF No. 9] at 6-7.

[3]  Plaintiff sought to bring suit against an eighteenth defendant, United States District Judge Kathleen Williams.  The Court held that Judge Williams was immune from Plaintiff's claims.  [ECF No. 9] at 6-7.

$100,000," and "gave up her constitutional rights of free speech on the blog rkassociatesusa.blogspot.com." *Id.* ¶¶ 26-27. The Defendants' obligations under the settlement agreement were to dismiss with prejudice all claims against Chevaldina and to provide Chevaldina with "access to RK Centers shopping centers for the purpose of Plaintiff's association with her community of origin." *Id.* ¶ 30. While Chevaldina performed her contractual duties by paying the Defendants and removing her website, the Defendants denied Chevaldina access to the RK Centers shopping center, denied Chevaldina access to any Ukrainian business in any of the RK Centers shopping centers, did not file a notice of voluntary dismissal with prejudice, and continued to litigate the case. *Id.* ¶¶ 31-34. Chevaldina then hired an attorney to defend her, resulting in legal fees of approximately $200,000, notwithstanding the settlement agreement. *Id.* ¶ 35.

Chevaldina alleges that Defendants acted fraudulently by entering into and breaching the settlement agreement. *Id.* ¶¶ 39-47. Further, Chevaldina claims that Defendants "have been actively blackmailing [her and] demanding her to sign a new additional settlement agreement against her will." *Id.* ¶¶ 44-45.

C. Chevaldina's Previous Litigation in this District

i. ***Raanan Katz v. Irina Chevaldina*, Case No. 12-22211 (S.D. Fla. filed on June 12, 2012) ("2012 Case")**

In the 2012 Case, Defendant Raanan Katz ("Katz") sued Chevaldina for copyright infringement when Chevaldina used Katz's image without authorization on her blog. *See* 2012 Case, Complaint [ECF No. 1]. On June 27, 2014, after both parties filed cross-motions for summary judgment, Katz filed a motion for voluntary dismissal, stating that "[t]he issues in this case have been rendered moot by virtue of a court-enforced settlement between Katz and . . . CHEVALDINA in the case styled *R.K./FL Management, Inc. et al. v. Chevaldina, et al.*, Case No. 11-17842 CA (32) (the 'State Court Action'). Pursuant to the settlement of the State Court Action,

Chevaldina is required, among other things, to remove the blog located at www.rkassociatesusa.blogspot.com and all of its content (the 'Blog'). As such, this case has been rendered moot, and Katz seeks to voluntarily dismiss this case rather than expend any more of the parties' or this Court's resources." *Id.*, Mot. for Voluntary Dismissal [ECF No. 151]. Chevaldina, through counsel, opposed the motion for voluntary dismissal. *See id.*, Resp. to Mot. for Voluntary Dismissal [ECF No. 157]. On July 11, 2014, Judge King denied Katz's motion for voluntary dismissal because "[b]ased on the considerable effort and expense Defendant [Chevaldina] has already incurred defending this action, [Chevaldina] would suffer prejudice were the Court to allow [Katz's] voluntary dismissal at this stage of this action. Moreover, summary judgment is . . . already under consideration by this Court . . ." *Id.*, Order Denying Mot. for Voluntary Dismissal [ECF No. 158]. On September 4, 2014, Judge King entered final judgment in favor of Chevaldina and dismissed the 2012 Case with prejudice. *Id.*, J. [ECF No. 168]. The Eleventh Circuit affirmed the judgment. *Katz v. Google Inc.*, 802 F.3d 1178 (11th Cir. 2015).

Presumably, whatever settlement agreement forms the basis of Chevaldina's breach of contract and fraud allegations was entered into in the State Court Action.

        ii. ***Irina Chevaldina v. Rannan Katz, et al.*, Case No. 17-22225 (S.D. Fla. filed on June 14, 2017) ("2017 Case")**

On June 14, 2017, Chevaldina, proceeding *pro se*, filed suit against Katz and all or virtually all of the Defendants she also sues in the instant matter, for breach of the May 29, 2014 settlement agreement, fraud, and violation of the Driver's Privacy Protection Act. *See* 2017 Case, Second Am. Compl. [ECF No. 59]. On February 20, 2018, Judge Williams granted the defendants' motion to dismiss on the grounds that (1) diversity jurisdiction did not exist because Chevaldina did not sufficiently allege her citizenship, (2) the state court retained jurisdiction to enforce the settlement agreement, (3) *res judicata* barred Plaintiff from asserting her claims in this Court, and (4)

4

Chevaldina failed to state a claim under the Driver's Privacy Protection Act.  *See id.*, Order Granting Mot. to Dismiss [ECF No. 75] ("2017 Case Dismissal").  Judge Williams denied Chevaldina's motion for reconsideration.  *Id.*, Order Denying Mot. for Reconsideration [ECF No. 91].  The Eleventh Circuit affirmed the dismissal.  *Chevaldina v. Katz*, 787 F. App'x 651 (11th Cir. 2019).

As to diversity jurisdiction, Chevaldina's original complaint in the 2017 Case alleged that she "resided" in Ukraine but did not affirmatively allege her citizenship or domicile.  *See* 2017 Case Dismissal at 8-11.  The defendants put Chevaldina on notice that diversity was at issue when they attached numerous documents evidencing Chevaldina's Florida residency to their first motion to dismiss.  *Id.*  Chevaldina then submitted her first amended complaint simply stating that she "is not a citizen of Florida.  Her domicile is not in Florida, and she resides in Ukraine."  *Id.* at 9.  In her third and final complaint, Chevaldina alleged that she was a citizen of and domiciled in Indiana. *Id.*  Judge Williams dismissed the case because Chevaldina failed to meet her burden of establishing diversity jurisdiction:

> Plaintiff has only provided the address of an Indiana P.O. Box she opened after Defendants moved to dismiss her original complaint for lack of diversity jurisdiction.  In light of her own prior allegations regarding her residency, and the evidence submitted by Defendants that Plaintiff has lived—and continues to live—in Florida since at least the beginning of the State Court Case in 2012, the Court finds that Plaintiff has not demonstrated the existence of federal diversity jurisdiction.

*Id.* at 11.  The Eleventh Circuit Court of Appeals agreed with Judge Williams: "Because diversity of citizenship must exist at the time an action is filed in order to be proper and events occurring after the filing of an action cannot create or destroy diversity jurisdiction, the district court did not err in dismissing Chevaldina's second amended complaint."  787 F. App'x at 653.  Alternatively,

the Eleventh Circuit held that Chevaldina "failed to overcome the [defendants'] Rule 12(b)(1) factual attack to diversity jurisdiction." *Id.* at 654.

Judge Williams also dismissed the 2017 Case on *res judicata* grounds because Chevaldina "repeatedly challenged the validity of the Settlement Agreement in state court and sought to enforce the terms of the agreement against Defendant" and Chevaldina sought "to relitigate that exact issue" in the 2017 Case. 2017 Case Dismissal at 14-16. "The state court—at both the trial and appellate levels—has also rejected on numerous occasions [Chevaldina's] claims in this case that the Settlement Agreement is void and unenforceable." *Id.* at 15. The Eleventh Circuit did not consider the *res judicata* issue given its ruling that there was no jurisdiction. *See* 787 F. App'x at 655 n.4.

          D.  The Court's April 22, 2021 Order

On April 22, 2021, upon screening Chevaldina's *pro se* complaint, Judge Ungaro ordered Chevaldina to address certain deficiencies in her complaint and file an amended complaint.[4] *See* [ECF No. 9] ("April 22nd Order"). Specifically, Judge Ungaro ordered Chevaldina to file an amended complaint by May 6, 2021 and address three issues:

1. "[G]iven Plaintiff's history, the Court will require Plaintiff's amended complaint to state with sufficient particularity—under penalty of perjury—the basis for her alleged domicile in Indiana." *Id.* at 7.

2. "[I]n her amended complaint, Plaintiff SHALL explain, with sufficient detail, why this action is not barred by *res judicata* or because the state court retained jurisdiction to

---

[4] Judge Ungaro has since retired from judicial service. This matter has been reassigned to the Undersigned.

enforce the settlement agreement, as described in Judge Williams' order, 1:17-cv-22225-KMW, D.E. 75." *Id.* at 8.

3. "[I]n her amended complaint, Plaintiff SHALL explain whether she intends to pursue a Driver's Privacy Protection Act claim, and if so, explain why it is not barred by *res judicata*." *Id.*[5]

The Court cautioned Chevaldina: "**This will be Plaintiff's ONLY opportunity to amend her complaint.** Fed. R. Civ. P. 15(a) (a party may amend its pleading once as a matter of course). **Failure to comply with this Order will result in the dismissal of this action without further notice**." *Id.* at 9 (emphasis in original).

Instead of filing an amended complaint, on May 6, 2021, Chevaldina filed the instant Motion to Vacate the April 22nd Order. In the Motion, Chevaldina argues that: (1) the Court lacks jurisdiction over Defendants because they have not been served and therefore cannot rule on the merits of the case; (2) the April 22nd Order "is in nature of Summary Judgment . . . and cannot be entered without notice and opportunity to be heard"; (3) "Judge Ungaro refused to comply with the clear mandate of the Eleventh Circuit Court of Appeals in attempt to help her criminally minded buddy Judge Williams"; and (4) the April 22nd Order was a misrepresentation of the law. *See* Mot. at 2, 3, 6, 8.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from an order for the following reasons:

---

[5] Chevaldina's complaint mentions the Driver's Privacy Protection Act in paragraph 1, but makes no other reference to the Act. Judge Ungaro noted that "Plaintiff's mention of the Driver's Privacy Protection Act appears to be an inadvertent remnant of a previously filed complaint in the 2017 Case; the claim was dismissed and affirmed on appeal." [ECF No. 9] at 7 n.2 (citing 787 F. App'x at 654-55).

(1) mistake, inadvertence, surprise, or excusable neglect;
. . .
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). However, "liberal construction is not the same thing as wholesale redrafting." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013).

## ANALYSIS

Chevaldina's Motion to Vacate the April 22nd Order warrants denial. As to Chevaldina's first argument, the Court has the authority to screen a complaint prior to the Defendants being served, particularly in *pro se* cases. *Esensoy v. McMillan*, No. 05-01063, 2005 WL 8176176, at *1 (M.D. Ala. Dec. 6, 2005) ("It is well established that this court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, sham, vexatious, or brought in bad faith.") (citing 1 Moore's Federal Practice, ¶ 0.60[6] at 639-40 (2d ed. 1975)); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative); *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001-02 (D.D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). Moreover, despite Chevaldina's cursory argument to the contrary, the Court's April 22nd Order was not a ruling on the merits of all

of Chevaldina's claims; it was an order notifying Chevaldina of the deficiencies in her complaint, instructing her to file an amended complaint, dismissing the First Amendment claim, and dismissing Judge Williams—who was clearly entitled to judicial immunity—as a party.

Second, Chevaldina argues that "Judge Ungaro has not cited any law allowing her to make *sua sponte* determination on the merits of the case without first providing an opportunity to be heard to a *pro se* litigant." Mot. at 4. Chevaldina asserts that the April 22nd Order was in fact a summary judgment order, in violation of Eleventh Circuit precedent: "Whenever judge considers matters outside the pleadings in a Rule 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion. When that conversion occurs, the district court must comply with the requirements of Rule 56. The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record." *Id.* (quoting *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) (citations omitted)).

Chevaldina's argument fails. The April 22nd Order was not a summary judgment order—again, it was an order notifying Chevaldina of the deficiencies in her complaint, instructing her to file an amended complaint, dismissing the First Amendment claim, and dismissing Judge Williams as a party. Judgment was not entered in favor of any party. Further, courts may *sua sponte* dismiss claims, such as Chevaldina's frivolous First Amendment claim against Judge Williams and the remaining seventeen Defendants. *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) ("[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). Additionally, in dismissing the First Amendment claim, Judge Ungaro considered only the facts represented in Chevaldina's complaint. *See* [ECF No. 9] at 5-6. While the April 22nd Order considers judicial

9

records in other cases to evaluate the breach of contract and fraud claims, the Court was permitted to do so, as it noted in its order. *See id.* at 1 n.1 ("A court may take judicial notice of public records. *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ('Public records are among the permissible facts that a district court may consider' on a motion to dismiss) (citation omitted)."). And courts can address *res judicata sua sponte* if failing to do so "would threaten the public interest in avoiding judicial waste and inconsistent judgments." *Akanthos Capital Mgt. LLC v. Atlanticus Holdings Corp.*, 734 F.3d 1269, 1272 (11th Cir. 2013); *see also Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) ("[d]ismissal by the court sua sponte on res judicata grounds . . . is permissible in the interest of judicial economy where both actions were brought before the same court.") (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)).

Third, Chevaldina's argument that "Judge Ungaro refused to comply with the clear mandate of the Eleventh Circuit Court of Appeals" to help her "criminally minded buddy Judge Williams" is frivolous. Mot. at 6-7. The mandate to which Chevaldina refers is the Eleventh Circuit's order affirming the 2017 Case over which Judge Williams presided. *Id.* at 7. The Court has reviewed the April 22nd Order's ruling on judicial immunity, [ECF No. 9] at 6-7, and finds it to be proper.

Chevaldina's final argument is that the April 22nd Order misrepresents the law because "Judge Ungaro has no right to dictate Plaintiff when to file an amended complaint as a matter of course or change the 21-day requirement." Mot. at 8-9. Chevaldina is mistaken. District Courts possess broad authority to manage their dockets and promote judicial efficiency. *Walter Int'l Prods. v. Salinas*, 650 F.3d 1402, 1415 (11th Cir. 2011) ("A district court has broad authority 'to control the pace of litigation before it.'") (quoting *Chrysler Int'l Corp v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)). The Eleventh Circuit has "stress[ed] the broad discretion district courts

have in managing their cases . . . Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler*, 280 F.3d at 1360. "This discretion is not wholly unfettered, *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir.1997); but it is and must be broad." *Id.*

In exercising this broad discretion, the Court does not have to wait for a defendant to be served before ordering a plaintiff to submit an amended complaint. All that is required by Rule 15(a) is that a plaintiff generally be afforded at least one opportunity to amend her complaint. *See Strange v. J-Pay Corp*., No. 20-11437, 2021 WL 1526423, at *1 (11th Cir. Apr. 19, 2021) ("Courts must give plaintiffs leave to amend once as a matter of course within 21 days of service, within 21 days after a responsive pleading, or otherwise 'when justice so requires.' . . . . Unless (1) 'the district court has a clear indication that the plaintiff does not want to amend his complaint,' or (2) 'a more carefully drafted complaint could not state a claim,' the district court should allow the plaintiff to amend his complaint at least once.") (citations omitted).

The Court is inclined to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) because Chevaldina did not comply with the Court's April 22nd Order when she failed to file her amended complaint as directed. But in the interest of fairness, the Court will afford Chevaldina another chance to submit an amended complaint. *Smith v. HSBC Bank USA, N.A*., 679 F. App'x 876, 879 (11th Cir. 2017) ("Rule 41(b) authorizes a district court to dismiss a case for failure to comply with a court order."); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). In her amended complaint, Chevaldina shall address the deficiencies identified in Judge Ungaro's April 22nd Order, and include a clear copy of her

purported Indiana driver's license (the copy she attaches to her Motion as Exhibit A is obfuscated). Further, and importantly, Chevaldina shall make clear exactly from which case the allegedly breached settlement agreement arose. **Once again, Chevaldina is cautioned that failure to comply with this Order in its entirety will result in the dismissal of this action *with prejudice* and without further notice under Rule 41(b).** *Gratton v. Great Am. Communs.*, 178 F.3d 1373, 1374 (11th Cir. 1999) (dismissal with prejudice under Rule 41(b) is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice").

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Motion to Vacate [ECF No. 11] is **DENIED**.

2.      Chevaldina shall file her amended complaint no later than **Friday, June 18, 2021.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of June, 2021.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copy to:
Irina Chevaldina, *pro se*

12